**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21767-BLOOM**

ROBERTO PATTERSON CARDENAS,

      Petitioner,

v.

TODD LYONS,

      Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Petitioner Roberto Patterson Cardenas's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Krome Service Processing Center in Miami, Florida, and seeks release from custody or a bond hearing before an immigration judge. *Id.* ¶¶ 2, 5, 15. In Response, Respondent argues that the Petition must be dismissed as premature because, *inter alia*, Petitioner is detained under 8 U.S.C. § 1231(a)(6), and Petitioner has not shown post-removal order detention in excess of six months under *Zadvydas*. ECF No. [7] at 5. In Reply, Petitioner concedes that his detention has not yet exceeded the six-month presumptively reasonable period recognized in *Zadvydas*. ECF No. [15]. The Court has reviewed the Petition, Response, Reply, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, the Court agrees with Respondent that the Petition must be dismissed as premature.

## I.      FACTUAL BACKGROUND

On March 17, 2026, *pro se* Petitioner Roberto Patterson Cardenas filed this Petition for a

Writ of Habeas Corpus. ECF No. [1]. Petitioner is a native and citizen of Cuba. ECF No. [8-1] at 1. Petitioner was paroled into the United States at Key West, Florida, on March 23, 1994. *Id.* Petitioner adjusted his status to that of a Lawful Permanent Resident on January 25, 1996, as of February 23, 1994. *Id*. On April 5, 2001, Petitioner was convicted in Miami-Dade County, Florida of Robbery/Armed and Firearm/Use During a Felony and sentenced to serve three years of imprisonment. *Id*. Based on these convictions, Petitioner was placed in removal proceedings under §§ 237(a)(2)(iii) and 237(a)(2)(C) of the Immigration and Nationality Act ("INA"). *Id*.

On June 19, 2001, an immigration judge ordered Petitioner removed from the United States. ECF No. [8-2] at 1. The order indicates that Petitioner reserved his right to appeal, *id*., but Petitioner points out that he never filed an appeal related to this order, ECF No. [1] ¶ 14. Petitioner was detained by immigration officials on November 18, 2002, and later released on an Order of Supervision ("OSUP") on May 21, 2003. ECF No. [9-1]. On November 14, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") encountered Petitioner and revoked his OSUP to effectuate his removal. ECF No. [9-2] at 1. Petitioner was taken into ICE custody on November 15, 2025. ECF No. [9-1]. An informal interview was conducted on that date. *Id*.

On January 11, 2026, Petitioner was served with a Notice of Removal, informing Petitioner that ICE intends to remove him to Mexico. ECF No. [17-1]. ICE ERO attempted to remove Petitioner to Mexico on February 25, 2026, but despite multiple attempts, Petitioner refused to exit the holding room. ECF No. [9-3] ¶ 9. Petitioner is currently detained at the Krome North Service Processing Center in Miami, Florida. ECF No. [9-1]. Petitioner now brings this action challenging the constitutionality of his detention and seeking release from custody or an individualized bond hearing before an immigration judge. ECF No. [1] ¶¶ 13, 15.

## II.    LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner moves for habeas relief and argues that his detention is unlawful under the U.S. Supreme Court's decision in *Zadvydas*. ECF No. [1] ¶ 13. But Petitioner challenges a post-removal detention order, which calls for a specific period of detention before seeking relief under established principles of this Circuit. For the reasons stated, Petitioner's request is premature and must be dismissed.

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699-701. Sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst*., No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id*.

As an initial matter, Petitioner was ordered removed in June 2001. ECF No. [8-2] at 1.

3

Petitioner did not appeal the order of removal with the Board of Immigration Appeals ("BIA"). *See* ECF No. [1] ¶ 14 ("I have never filed an appeal related to my Order of Deportation."); *see also* ECF No. [8-3] at 2. Petitioner's failure to appeal the order of removal within the allotted time renders the removal order final. *Tuslova v. U.S. Atty. Gen.*, 540 F. App'x 961, 962 (11th Cir. 2014) ("The Petitioners did not file an appeal with the BIA, making the IJ's removal order final." (citing 8 C.F.R. § 1003.39)). Because Petitioner is subject to a final order of removal, he is detained pursuant to 8 U.S.C. § 1231(a) and is not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (noncitizens subject to removal under § 1231 are "not entitled to bond hearings"); *see also Shaikh v. Meade*, No. 21-cv-23752, 2022 WL 84420, at *5 (S.D. Fla. Mar. 22, 2022) ("Given the unambiguous language of the Supreme Court's most recent holding [in *Guzman*] that noncitizens detained for removal under § 1231 are not entitled to a bond hearing, the Court determines that Petitioner is not entitled to a bond hearing.").

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Petitioner was ordered removed in June 2001, so this challenge is governed by *Zadvydas*. *See* ECF No. [8-2] at 1. However, Petitioner was detained beginning on November 15, 2025, ECF No. [9-1], and the instant Petition was filed on March 17, 2026. *See* ECF No. [1]. As

such, his detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Therefore, Petitioner's request is premature. *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DISMISSED** as premature.

2.  This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 20, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Roberto Patterson Cardenas, *Pro Se*
A-072-852-854
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194